UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------------------

DAVID ST CLAIR WILDER,

                                                  Plaintiff,         **CLASS ACTION**
                                                                                    **COMPLAINT**

      -against-

NATIONWIDE CREDIT INC.

                                                 Defendants.

-------------------------------------------------------------------------

## COMPLAINT FOR VIOLATIONS
## OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1. This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2. This Court has Federal question jurisdiction under 28 U.S.C. §1331.

3. Venue is proper in this District because the acts and transactions that give rise to this occurred, in substantial part, in this District.

4. Plaintiff received communications from the defendant in the state of Connecticut.

5. Plaintiff is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA in that the alleged debt that the defendant, sought to collect from her is a consumer debt.

6. Upon information and belief, defendant Nationwide Credit, Inc. is an active

Pennsylvania business corporation that regularly conducts business in Connecticut.

7. Defendants are regularly engaged in the collection of debts allegedly owed by consumers.

8. Plaintiff received direct communications from defendants within one year from the filing of this complaint.

## CLASS ACTION ALLEGATIONS

9. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of plaintiff and all consumers and their successors in interest (the "Class") who have received similar debt collection notices and/or letters from defendant as of one year prior to the filing of plaintiff's complaint until the present, addressed to a Connecticut residence. Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of defendant.

10. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

11. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, 40 or more persons have received debt collection notices from the defendants, which violate various provisions of the FDCPA.

12. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § §1692g and 1692e.

b.   Whether plaintiff and the Class have been injured by the defendant's conduct; and

c.   Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

13.   Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14.   Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

15.   A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

16.   A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17.   Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

18. Plaintiff re-alleges and incorporates herein by reference, all the foregoing paragraphs as if set forth fully herein.

19. Upon information and belief, the letters complained of herein are form letters sent by defendants to consumers.

20. Collection letters, such as those sent by defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

21. Section 1692e of the Fair Debt Collection Practices Act states: "[a] debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt."

22. Section 1692g requires the debt collector to cease communication with a debtor where the debtor makes a timely written dispute.

23. Defendant violated the Fair Debt Collections Practices Act by failing to honor the written dispute.

24. Defendant simply waited a few months and then wrote the plaintiff using a different ID number falsely suggesting that this was a different account then the one that was disputed.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

    a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

    b) Awarding plaintiff and the class statutory damages;

    c) Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

d)  Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

Dated:  Cedarhurst, New York
        January 13, 2012

Plaintiff requests trial by jury on all issues so triable.

_____
Lawrence Katz
445 Central Avenue Suite 201
Cedarhurst, New York 11516
Telephone  (516) 374-2118
Facsimile  (516) 706-2404